UNITED STATES DISTRICT COURT
WESTERN DISTICT OF LOUISIANA
SHREVEPORT DIVISION

INGEN GROUP, LLC                        CIVIL ACTION NO. 17-cv-1649

VERSUS                                  JUDGE FOOTE

SALIENT ARMS INTERNATIONAL, INC.        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Ingen Group, LLC filed this civil action against Salient Arms International, Inc. based on an assertion of diversity jurisdiction. Ingen, as the party invoking federal jurisdiction, has the burden of pleading specific facts that demonstrate that there is complete diversity of citizenship. The original complaint does not meet that burden.

Ingen describes itself as a limited liability company with its principal place of business in Louisiana. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404

(W.D. La. 2014). Plaintiff will need to allege specific facts to demonstrate its citizenship in accordance with these rules.

The complaint describes Salient as a foreign corporation with its registered office, headquarters and principal place of business in Las Vegas, Clark County, Nevada. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). The complaint alleges that Salient has its principal place of business in Nevada, but it does not specifically allege the state in which Salient is incorporated.

The court will not set a deadline for compliance at this time, but Ingen will find the amendment process easier if it acts promptly within the time allowed by Federal Rule of Civil Procedure 15(a) before a motion for leave is required. Ingen is also reminded of its obligation to serve Salient within 90 days of the filing of the complaint. Fed. R. Civ. Pro. 4(m). The court will set a scheduling conference once Salient has filed an answer and the pleadings indicate that there is subject matter jurisdiction. If the pleadings do not reflect complete diversity of citizenship, the complaint will have to be dismissed for lack of jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2018.

Mark L. Hornsby
U.S. Magistrate Judge