UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

INGEN GROUP, LLC                         CIVIL ACTION NO. 17-cv-1649

VERSUS                                   JUDGE FOOTE

SALIENT ARMS INTERNATIONAL, INC.         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Ingen Group, LLC ("Ingen") entered into an exclusive distributorship agreement with Salient Arms International, Inc. ("SAI") that allowed Ingen to be the exclusive dealer of SAI products in several states. Ingen alleges that it paid more than $350,000 in deposits for products that SAI failed to provide. Ingen filed this civil action against SAI based on diversity jurisdiction.

SAI responded to the complaint with a Motion to Stay and Compel Arbitration and/or Transfer Venue to Nevada (Doc. 14). The motion invokes an arbitration clause in the distributorship agreement. Ingen opposes the motion. It argues that the arbitration clause is void under Nevada law and that transfer of venue is not warranted. For the reasons that follow, it is recommended that the request to stay and compel arbitration be granted. It is not necessary to address the alternative request to transfer venue.

**Relevant Facts**

Ingen is a single-member LLC with its principal place of business in Claiborne Parish, Louisiana. It entered into an Exclusive Distributorship Agreement with SAI in

January of 2017 that allowed Ingen to be the exclusive dealer of all SAI products in Hawaii, Colorado, Texas, Nebraska, Kansas, Virginia, Louisiana, Utah, Michigan, and Ohio. The products that Ingen was to distribute for SAI were various makes and models of firearms. Complaint, ¶¶ III-IV.

The agreement required Ingen to pay SAI a deposit of fifty percent of the purchase price of items when Ingen placed an order, with the remaining fifty percent due within fifteen days after receipt of the item. The agreement provided that SAI would deliver standard production firearms within nine to twelve weeks after it received the fifty percent deposit. ¶¶ V – VI.

Ingen began making orders shortly after the agreement was signed, but it stopped placing orders in August of 2017 because SAI had failed to provide a vast number of the firearms that were ordered. Ingen alleges that it delivered SAI deposits of $367,849.79 and, despite amicable demand, SAI did not provide a date for shipment of the orders. A demand letter received no response. Ingen alleges that SAI has breached the agreement and caused it damages. ¶¶ VII-XIII.

The distribution agreement is initialed on each page and signed at the end by representatives of Ingen and SAI. Paragraph 12(E) states that the agreement "shall be governed by and construed in accordance with the laws of the State of Nevada." It also provides that, in the event of any controversy or claim arising out of or relating to the agreement or its breach, the parties shall first attempt to settle the dispute by mediation. "If settlement is not reached within sixty days after service of a written demand for mediation, any unresolved controversy shall be settled by arbitration administered by the

American Arbitration Association under its Commercial Arbitration Rules." The agreement adds: "The place of arbitration shall be Las Vegas, Nevada."

**Analysis**

SAI does not argue that this court is an improper venue, and it appears that venue here is appropriate under 28 U.S.C § 1391. SAI argues that transfer to Nevada is warranted under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses, in the interest of justice, in the event the court determines that the arbitration provision is not binding. The undersigned finds, for the reasons set forth below, that the arbitration provision is applicable, so SAI's alternative request for transfer of venue need not be addressed.

There is no dispute that the Federal Arbitration Act ("FAA") is applicable to this agreement that concerns interstate transactions. Ingen does not contest that its claims fall within the broad scope of the arbitration clause that reaches "any controversy or claim arising out of or relating to this Agreement, or a breach thereof." Ingen's only challenge to the motion to compel arbitration is an argument that the arbitration clause is void under Nevada law because it lacks specific authorization as required by a Nevada statute.

Nevada Revised Statute § 597.995 provides, subject to an exception for collective bargaining agreements, that "an agreement which includes a provision which requires a person to submit to arbitration of any dispute arising between the parties to the agreement must include specific authorization for the provision which indicates that the person has affirmatively agreed to the provision." The statute adds that if an agreement fails to include the specific authorization, the arbitration provision "is void and unenforceable." Ingen argues that the agreement does not include a specific authorization provision that complies

with the Nevada statute, and it represents that the Ingen representative who signed the agreement on behalf of the company did not review its terms beyond those regarding terms of payment and the production of guns.

Section 2 of the FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of *any* contract." 9 U.S.C. § 2 (emphasis added). The Supreme Court has interpreted the statute so that generally applicable contract defenses, such as fraud or duress, may be applied to invalidate arbitration agreements without violating Section 2. "Courts may not, however, invalidate arbitration agreements under state laws applicable *only* to arbitration provisions." Doctor's Associates, Inc. v. Casarotto, 116 S.Ct. 1652, 1656 (1996).

The Montana statute at issue in Casarotto declared an arbitration clause unenforceable unless notice of the arbitration requirement was typed in underlined capital letters on the first page of the contract. This special notice requirement was not applicable to contracts generally, just arbitration clauses. The Court held that the FAA displaced the Montana statute with respect to arbitration agreements covered by the FAA.

The Nevada statute invoked by Ingen also targets arbitration clauses and is not broadly applicable to all forms of contracts. Three district courts have reviewed the statute when it was invoked in contexts similar to this dispute and, based on Casarotto, determined that the Nevada statute did not render the arbitration provision invalid. Augustine v. TLC Resorts Vacation Club, LLC, 2018 WL 3913923, *5-6 (S.D. Cal. 2018); Johnston v. Electrum Partners, LLC, 2018 WL 3094918, *11 (S.D. NY 2018); JusTours, Inc v.

Bogenius Group, LLC, 2017 WL 3671285, *3-4 (D. Nev. 2017). The undersigned agrees with those courts that the Nevada statute is displaced by the FAA in an arbitration dispute that is governed by the federal act.

**Conclusion**

A stay is mandatory upon a showing that the opposing party has commenced a suit on an issue referable to arbitration under a written agreement. 9 U.S.C. § 3. A stay is appropriate in this case. The court should also administratively close this case, as there is no foreseeable task left for the district court in connection with the potential arbitration. If a prevailing party seeks to confirm an award made in the arbitration, the distributorship agreement states that such a judgment "may be entered in any court having jurisdiction thereof." That confirmation would be accomplished by filing a new civil action, which may or may not be filed in this court. There is no reason to keep this civil action open and pending on the court's calendar, where it could remain indefinitely.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Stay and Compel Arbitration and/or Transfer Venue to Nevada (Doc. 14) be **granted**, that Ingen Group, LLC be directed to submit to arbitration all of its claims asserted in this case that it wishes to pursue, that this case be stayed, and that the Clerk of Court administratively close this case, subject to the right of any party to file a motion to reopen based on good cause.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge